IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| DALLAS J. STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:10-0032 |
| | ) | JUDGE TRAUGER/KNOWLES |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| SOUTHERN HEALTH PARTNERS, | ) | |
| LES HELTON. | ) | |
| SABRINA PATTERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a "Motion to Dismiss" filed by Defendant Southern Health Partners, Inc. ("SHP"), pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 27. Defendant has filed a supporting Memorandum (Docket No. 28), and Plaintiff has filed a Response to the Motion (Docket No. 38).

This is a pro se, in forma pauperis action filed by an inmate in the custody of the Giles County Jail, pursuant to 42 U.S.C. § 1983. Docket Nos. 1, 12. Plaintiff avers that, while he was a pretrial detainee at the Marshall County Jail, he was involved in an altercation with another inmate and his nose was broken. Plaintiff avers that SHP is a private health agency contracting with Marshall County to provide health care for incarcerated inmates. Plaintiff avers that the altercation occurred at approximately 6:30 p.m. on March 21, 2010. He avers that he told the shift leader, Rachel Smith, that his nose was broken and continuously bleeding and that he

needed to go to the emergency room. He avers that Ms. Smith called "the nurse (SHP) and notified her that his nose was broken and bleeding and she said she would see him the next morning." Docket No. 1, p. 5. Plaintiff avers that, while he was given an ice pack at about 7:30 p.m., he received no proper medical treatment until about 9:00 a.m. the next morning.[1] *Id*., p. 5.

While the foregoing allegations are the only substantative, factual allegations with regard to Defendant SHP, Plaintiff generally alleges that "all of the named Defendants are exhibiting this type of cruel and discriminative treatment with inmates with certain types of charges." He further contends that "the defendents [*sic*] NON-ACTIONS towards his pleas for medical help and personal safety is barbarous, shocking, cruel, and serves no penological purpose." *Id*., p. 7.

The only possible claim Plaintiff has attempted to state against SHP relates to the actions of its apparent employee, an unnamed nurse.

SHP argues in the instant Motion that it cannot be held liable pursuant to § 1983 under a theory of respondeat superior. Its argument is correct. *See Street v. Corrections Corp. of America,* 102 F.3d 10, 817-18 (6th Cir. 1996).

Plaintiff has filed a Response to the Motion to Dismiss that raises a number of factual allegations that were not mentioned in Plaintiff's Complaint. Docket No. 38. Plaintiff's Response claims that the nurse employed by SHP lives "too far" from the jail to respond in a reasonable amount of time to an emergency. *Id.,* p. 1. Plaintiff's Response avers that he needs to review the policies and procedures of SHP for providing medical care at the Marshall County Jail. Plaintiff's Response further refers to the nurse as "Nurse Felicia," and Plaintiff reiterates

---

[1] While Plaintiff states, "They gave him an ice pack," he does not identify who "They" are.

that she was notified of his injuries at approximately 7:30 p.m. on March 21, 2010, but that she did not give him any medical attention until the next morning. Finally, Plaintiff avers that, after x-rays were taken of his nose, Nurse Felicia told him that his nose was "only fractured." He was later told by a physician, however, that his nose had been broken, not fractured.

In considering a Motion to Dismiss, a Court should generally consider only the factual allegations set forth in plaintiff's Complaint, and not factual allegations set forth in a response to the Motion. *See Winget v. JP Morgan Chase Bank, N.A.* 537 F.3d 565, 576 (6th Cir. 2008). Even if the Court considers the factual matters set forth in the Response, however, they serve only to confirm that Plaintiff's sole claim against SHP is for respondeat superior based upon the acts or omissions of its alleged employee, "Nurse Felicia." For the foregoing reasons, Defendants' Motion to Dismiss (Docket No. 27) should be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge