IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| DALLAS J. STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:10-0032 |
| | ) | JUDGE TRAUGER/KNOWLES |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| SOUTHERN HEALTH PARTNERS, | ) | |
| LES HELTON, | ) | |
| SABRINA PATTERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court upon a "Motion to Dismiss for Insufficiency of Service," filed by Defendants Les Helton, Sabrina Patterson and Gary Barrone. Docket No. 36. Plaintiff, who is a pro se prisoner, has not filed a Response to the Motion.

This is a pro se, in forma pauperis action filed pursuant to 42 U.S.C. § 1983, by a pretrial detainee being held at the Marshall County Jail. Docket No. 1. Plaintiff sued each of the moving Defendants in their official capacities and in their individual capacities. Defendants argue that none of the moving Defendants has been properly served with process, because they never received or signed any summonses issued to them. Defendants argue that a suit against an individual in his or her official capacity is equivalent to a suit against the Government or entity that employs them. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Defendants continue as follows:

> A suit against an officer in his official capacity should be treated as suits [*sic*] against the State. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). Accordingly, the plaintiff would have to comply with Federal Rule of Civil Procedure 4(j)(2) to accomplish service on a governmental entity. There is no evidence of any such service being made. Clearly, as Plaintiff has failed to even issue proper service as to the County, this suit should be dismissed. Any claims against Les Helton or Sabrina Patterson in their official capacities should likewise be dismissed.

Docket No. 36, p. 3.

Defendants further argue that Fed. R. Civ. P. 4(e) governs the appropriate manner in which to accomplish service on persons sued in their individual capacities. Defendants' argument regarding this point is as follows:

> In this case, the evidence clearly reveals that the persons sued in this case never signed the summonses at issue. Therefore, none of the requirements were met with regard to any named defendant, as the summonses were either not signed (in the case of Gary Barrone), or not signed by the defendant himself. As such . . . this matter should . . . be dismissed for insufficiency of service of process.

*Id*.

As the Court has previously noted in the instant case, the rules governing the proper service of process in federal courts can be quite complex. Docket No. 49. One principle, however, is clear. In cases filed in forma pauperis, the responsibility for serving summonses rests upon the United States Marshal. Title 28, Section 1915(d) states in part, "The officers of the court shall issue and serve all process, and perform all duties in such [in forma pauperis] cases." Additionally, Fed. R. Civ. P. 4(c)(3) provides:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the

> plaintiff is authorized to proceed in forma pauperis under 28
> U.S.C. § 1915 . . . .

As the Sixth Circuit has stated:

> Together, Rule 4(c)[(3)] and 28 U.S.C. § 1915[(d)] stand for the
> proposition that when a plaintiff is proceeding in forma pauperis
> the court is obligated to issue plaintiff's process to a United States
> Marshal who must in turn effectuate service upon the defendants,
> *thereby relieving a plaintiff of the burden to serve process once
> reasonable steps have been taken to identify for the court the
> defendants named in the complaint.*

*Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996) (emphasis added, citation omitted).

The Order entered by Judge Trauger that granted Plaintiff's Motion to Proceed In Forma Pauperis states in relevant part:

> The Clerk is instructed to send the plaintiff a service packet (a
> blank summons and USM 285 Form) for each named defendant.
> The plaintiff will complete the service packets and return them to
> the Clerk's Office within twenty (20) days of the date of receipt of
> this order. Upon return of the service packets, PROCESS SHALL
> ISSUE to the defendants. The plaintiff is forewarned that the
> failure to return the completed service packets within the time
> required could jeopardize his prosecution of this action.

Docket No. 12, p. 4.

The record reflects that summonses were issued to the Defendants (Docket No. 15), and subsequently the summonses for Defendants Helton and Patterson were returned executed, showing that the Marshal's Service had served them by certified mail. The summons to Defendant Barrone, however, was returned marked "refused." Docket Nos. 18, 19, 23.

If Defendants were not properly served in this action, Plaintiff is not responsible for that circumstance. Thus, the instant Motion to Dismiss for Insufficiency of Service should be DENIED.

It is obvious that Defendants are aware of the instant lawsuit, but, as they argue, they do have the right to demand proper service. At the same time, however, Defendants may waive the defense of insufficiency of service of process. Fed. R. Civ. P. 12(b)(5), 12(h). Therefore, within twenty (20) days of the entry of this Order, Defendants shall advise the Court in a filing whether they will waive service of process. If they choose not to waive service, they shall advise the Court in a filing how they wish to properly be served, and the Court will direct the Marshal to serve Defendants in such a manner.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                /s/ E. Clifton Knowles
                                                E. Clifton Knowles
                                                United States Magistrate Judge