IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| DALLAS J. STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:10-0032 |
| | ) | JUDGE TRAUGER/KNOWLES |
| | ) | |
| SABRINA PATTERSON, | ) | JURY TRIAL DEMAND |
| LES HELTON, | ) | |
| GARY BARRONE, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon the pro se Plaintiff's "Motion for Leave of Court to Amend Complaint" (Docket No. 76) and another "Motion to Amend or Supplement Complaint" (Docket No. 85). Despite the heading of the initial document, that Motion is not a Motion to Amend Plaintiff's Complaint; rather, it is a Motion requesting "an additional thirty (30) days from the date of this filing to prepare his Amended Complaint . . . ." Prior to filing the first Motion, Plaintiff previously filed a "Motion to Amend Complaint" seeking "to add as Count Two, negligence of defendant Patterson and Helton . . . ." Docket No. 73. On October 12, 2011, the undersigned granted that Motion to Amend, noting that it was "without opposition." Docket No. 74. On November 7, 2011, Plaintiff filed a document headed "Amended Complaint for Violation of Civil Rights Under 42 U.S.C.A. 1983." Docket No. 81. That Amended Complaint adds a "claim two," regarding negligence of Defendants. Docket No. 81.

In the meantime, however, on October 18, 2011, Plaintiff filed the instant "Motion for

Leave of Court to Amend Complaint." Because the instant Motion is actually only a Motion for additional time, that Motion is granted, and the Court will consider the Motion to Amend.

On December 5, 2011, Plaintiff filed the second instant document, headed "Motion to Amend or Supplement Complaint." That Motion states in relevant part, "The plaintiff requests permission from the court to have the defendants served in their official capacity and advise him on how to do so."[1] Docket No. 85.

Defendants have filed a Response in Opposition to the Motion, arguing that the amendment is futile and untimely. The Court may deny leave to amend when the proposed amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

When a plaintiff raises an official capacity claim against a defendant under § 1983, that claim is deemed to be "equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrooke v. Birchwell,* 199 F.3d 350, 355 n.4 (6th Cir. 2000) *citing Kentucky v. Graham,* 473 U.S. 159, 165 (1985). As such, when a public employee is sued in his or her official capacity, the claims are essentially made against the public entity. In order for the public entity to be subject to liability under § 1983, a plaintiff must plead allegations, *inter alia*, that an "official policy or custom was adopted by the official makers of policy with 'deliberate indifference' towards the constitutional rights of persons affected by the policy or custom." *City of Canton v. Harris*, 489 U.S. 378, 387-88 (1989). *See also Monell v. Dept. of Soc. Serv.,* 436

---

[1] The Court notes that, in his original Complaint, Plaintiff sued these three Defendants in both their individual and official capacities. Docket No. 1, p. 2. Plaintiff subsequently amended his Complaint, with leave of Court. Docket Nos. 73, 74, 81. In that Amended Complaint, Plaintiff sued these three Defendants only in their individual capacities. Docket No. 81, p. 2.

With regard to Plaintiff's request for advice, the Court informs Plaintiff that it cannot assist either party in a lawsuit and, therefore, cannot provide any "advice."

U.S. 658, 690-91 (1978) (In order to find a governmental entity liable, Plaintiff must establish that (1) he/she suffered a deprivation of a federally protected interest and (2) the deprivation was caused by an official policy, custom, or usage or the local governmental entity.)

Plaintiff seeks to amend his Amended Complaint to sue Defendants in their official capacities and, therefore, Defendants stand in the shoes of the entity they represent, which is Marshall County. In order to state a claim against Defendants in their official capacities, Plaintiff must allege facts that show or imply the existence of a constitutionally deficient Marshall County official policy or custom that caused him injury. In his Amended Complaint, however, Plaintiff has not done so.

For the foregoing reasons, Plaintiff's proposed amendment, which would allow him to sue Defendants in their official capacities, is futile. Thus, the instant Motion to Amend or Supplement Complaint (Docket No. 85) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge